IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALBERTO JULIO GARCIA**                          **PETITIONER**

**V.**                                                **CIVIL ACTION NO. 1:24-CV-52-HSO**

**BURL CAIN,** *et al.*                                  **RESPONDENTS**

## ORDER DENYING MOTION TO ALTER OR AMEND [12]

Petitioner initiated this federal habeas case on February 16, 2024, by filing a Motion to Appoint Counsel [1]. On February 22, 2024, the Court entered an Order [3] granting the motion and setting various case deadlines. Among other things, the Court ordered Petitioner to file his petition on or before May 22, 2024. On February 29, 2024, Petitioner filed a Motion to Alter or Amend [12] the Court's scheduling Order [3].

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Petitioner argues that his limitations period began to run on September 14, 2023, the date on which the Mississippi Supreme Court denied his motion for rehearing, making September 14, 2024, his deadline to file a habeas petition in this Court. *See* 28 U.S.C. § 2244(d)(1)(A). He contends that this Court improperly shortened the statute of limitations imposed by Congress by requiring him to file his petition earlier than September 14, 2024.

The Court did not alter the statute of limitations for Petitioner's federal habeas petition. It remains one year, as provided by 28 U.S.C. § 2244(d)(1). Petitioner initiated this federal habeas case by filing a Motion to Appoint Counsel [1], and the Court entered a scheduling order as it does in every case.

The Fifth Circuit has not explicitly addressed whether a district court can require a habeas petitioner to file his petition before the end of the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1). However, in *Johnson v. Lumpkin*, a habeas petitioner argued that a district court exhibited bias by "impermissibly trucat[ing] the time his counsel had to investigate and prepare legal arguments" by entering a scheduling order that set the deadline for filing a petition before the end of the one-year statutory limitations period. 74 F.4th 334, 342 (5th Cir. 2023). The Fifth Circuit observed that the petitioner had "cited no governing legal authority recognizing the right to delay his briefing until the final day of AEDPA's one-year statute of limitations," and it noted "that a district court has the inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.* (punctuation omitted).

The cases cited by Petitioner do not provide that a district court, after a habeas petitioner has initiated a habeas case by seeking appointment of counsel, is not permitted to enter a scheduling order which requires the petitioner to file his habeas petition prior to the final day of the one-year limitations period. Rather, these cases each addressed tolling of the one-year limitations period for one reason or another. *See Grant v. Swarthout*, 862 F.3d 914, 919-20 (9th Cir. 2017) (addressing equitable

tolling of limitations period); *Valverde v. Stinson*, 224 F.3d 129, 135-36 (2nd Cir. 2000) (addressing equitable tolling); *United States v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008) (addressing whether petitioner pursued claims with due diligence for purpose of tolling statute of limitations on a § 2255 petition).

Petitioner also argues that requiring him to file his petition at any point before the final day of the one-year limitations period would violate his right to equal protection and due process, but he has not cited any authority applying the doctrines of equal protection and due process in this manner.

Finally, Petitioner argues that his counsel need until September 14, 2024, to fully investigate and research all potential claims and issues to be presented by this case. If Petitioner's counsel need more time to prepare a habeas petition, Petitioner is free to file a motion seeking an extension of time in which to do so.

Petitioner's Motion to Alter or Amend [12] the Court's scheduling Order [3] is, therefore, **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of March, 2024.

                                 s/     Halil Suleyman Ozerden
                                 HALIL SULEYMAN OZERDEN
                                 UNITED STATES DISTRICT JUDGE